IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED PAUL ALDACO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4401 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Alfred Paul Aldaco, a convicted felon, has filed a federal petition for a writ of habeas corpus challenging the validity of his incarceration. After reviewing Aldaco's pleadings and the record in a previous habeas action filed by Aldaco, the court has determined that this action should be dismissed.

### I. Facts

Aldaco is in prison serving a twenty-year sentence pursuant to a conviction for aggravated sexual assault of a child. *State v. Aldaco*, No. 624139 (176th Dist. Ct., Harris County, Tex., Oct. 14, 1994). Aldaco does not challenge the trial court's judgment. Instead, he complains that he has been wrongly denied a parole release due to a change in the Texas statute governing procedures of the Texas Board of Pardons and Paroles. Aldaco alleges that a panel of three Board members considered his release and two voted in his favor. Under the procedures followed at the time of Aldaco's offense, this would have been sufficient for Aldaco to obtain a parole release. However, in 1995, a new parole statute required that the entire Board vote on whether to grant parole to prisoners convicted of aggravated assault and that a two-thirds vote in favor of parole would be required before parole could

be granted. Aldaco was unable to obtain the required vote and now challenges the imposition of the new procedure arguing that it violates the *ex post facto* clause.

Aldaco raised the same claim in a prior federal habeas action which was dismissed with prejudice by the United States District Court for the Southern District of Texas. *Aldaco v. Cockrell*, No. H-02-3359 (S.D. Tex. May 8, 2003), *appeal pending* (5th Cir. *filed* May 27, 2003). Consequently, this petition is subject to dismissal as a successive habeas action under the provisions of 28 U.S.C. § 2244(b). Aldaco acknowledges that he has previously filed a federal habeas petition raising the same arguments, but he contends that he is entitled to pursue this action because it concerns a second Parole Board hearing which occurred after the first habeas petition was dismissed.

## II. Analysis

It has been recognized that prisoners may challenge proceedings which have occurred subsequent to federal habeas actions which have been dismissed. *See In re Cain*, 137 F.3d 234, 236 (5th Cir. 1998) (prisoner's habeas corpus petitions, challenging prison disciplinary proceedings that became final after prior habeas petitions, were not successive, and thus did not require permission to file under the AEDPA); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) (habeas petition challenging validity of parole supervision was not a challenge to the the conviction or sentence itself). However, these habeas actions entailed distinct issues which were not considered in prior proceedings. *See e.g. Crouch v. Norris*, 251 F.3d 720, 724 (8th Cir. 2001) (petition challenging the execution of the sentence was not successive where the first petition challenged only the validity of the judgment itself).

The primary purpose of § 2244(b) is to prevent petitioners such as Aldaco from abusing the writ of habeas corpus by repeatedly presenting the same claims in federal court which have been dismissed on the merits. *See Cain*, 137 F.3d at 235. Aldaco's current petition presents virtually

2

identical facts and the same issues in that he challenges the requirement that he obtain a two-thirds vote of the entire Parole Board before he can be granted parole. The federal courts have long had the discretion to dismiss habeas petitions where the grounds presented have been previously dismissed after the merits were considered. *See Sanders v. United States*, 83 S.Ct. 1068, 1077 (1963); *United States v. Tubwell*, 37 F.3d 175 (5th Cir. 1994). To force the State to answer Aldaco's legally baseless arguments for a second time would be a waste of government resources. At the very least, Aldaco is obliged to seek leave from the Court of Appeals before filing another habeas petition regarding parole. 28 U.S.C. § 2244(b)(3)(A).

    Apart from presenting a successive habeas petition, Aldaco's petition should be dismissed because his arguments are clearly meritless. Convicted prisoners do not have a constitutional right to be released prior to the expiration of their sentences. *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998)*, citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 99 S.Ct. 2100, 2103 (1979). "'For an *ex post facto* violation to occur, two elements must be present: (1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes.'" *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004), *quoting Warren v. Miles*, 230 F.3d 688, 692 (5th Cir. 2000). As noted in Aldaco's previous habeas action, the new requirement that the full Parole panel consider the sex offenders for conditional release does not make the offenders' punishments more severe or burdensome. No. H-02-3359, Docket Entry No. 5, at 4. Moreover, any procedural changes on how parole hearings are conducted do not violate the *ex post facto* clause even if such changes work to the prisoners' disadvantage. *Id.*, *citing Creel v. Kyle*, 42 F.3d 955, 958 (5th Cir. 1995) (statute which required notification of crime victims of impending parole hearing did not violate *ex post facto* clause). Therefore, this habeas action must be dismissed.

### III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000). If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001), *quoting Slack*, 120 S.Ct. at 1604. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). This Court concludes that Aldaco is not entitled to a COA under the applicable standards. *See* 28 U.S.C. § 2253(c).

### IV. Conclusion

The court **ORDERS** the following:

1. This cause of action is **DISMISSED** with prejudice.

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. A certificate of appealability from this dismissal is **DENIED**.

4. The Clerk shall send a copy of this Memorandum Opinion and Order to the Office of the Texas Attorney General.

**SIGNED** on this 26th day of May, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

4